## CUMMINGS v STATE MUTUAL LIFE ASSURANCE CO. OF WORCESTER

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 17300. Decided Dec. 25, 1939.

Howard H. Webster, Esq., Cleveland, for plaintiff-appellee.

McKeehan, Merrick, Arter & Stewart, Cleveland, for defendant-appellant.

## OPINION

By MORGAN, J.

Chester G. Cummings died on December 21, 1936. Part of his estate consisted of two (2) insurance policies in the defendant company, of which his wife, June B. Cummings, the plaintiff herein, was the beneficiary. Formal proof of claim on these policies was made on February 15, 1937. The question presented by this case is whether the interest and income payments under these two policies should have commenced as of December 21, 1936, the date of death, or as of February 15th, 1937, when proof of claim was duly filed.

The first policy reads as follows:

"State Mutual Life Assurance Company * * * does insure the life of Chester G. Cummings * * * in the amount of Two Thousand Dollars ($2000.00) and promises to pay * * * said amount to June B. Cummings * * * upon due proof of death."

The policy contains a number of settlement options which might "be substituted for the payment of the proceeds in one lump sum to the person entitled thereto". In a rider attached to the policy the insured elected to have the proceeds of the policy paid in accordance with "Option C" of the policy which is as follows:

"The proceeds * * * of this policy * * * may be left with the company and interest shall be paid to the beneficiary at the rate of not less than three percentum per annum. Interest payments will be made monthly, quarterly, semi-annually or annually, as may be requested, and the first payment of the guaranteed interest, after satisfactory proof of claim, will be made at the end of the period selected."

We can see no ambiguity in the terms of the policy as to when the payment of $2000.00, the face of the policy, should be made.

The policy provides that the company promises to pay said amount to the beneficiary upon due proof of death. No valid claim can be set up for the payment of interest on the $2000.00 between the date of death and the date of the proof of claim by the plain words of the policy.

"Option C" provides that:

"The proceeds of this policy may be left with the Company and interest shall be paid to the beneficiary * * *."

The words "proceeds of this policy" clearly refer to the previous clause in the policy requiring the payment of $2000.00 upon due proof of death. Under the policy there are no proceeds of the policy until the sum of $2000.00 is due and payable under its terms. Inasmuch as the beneficiary would not have been entitled to any interest on this amount from the date of death to the date of due proof of claim, if the principal amount had been paid to her, likewise, there is no interest due under Option C until the filing of the proof of claim because there are no "proceeds" of the policy until the $2000.00 is paid.

The trial court found that the beneficiary is entitled to interest under "Option C" from the date of the death to the date of the filing of the proof of claim, as well as thereafter. We think that this holding cannot be sustained.

The second policy is called a "family income" policy. On May 14, 1931, the date of the policy, Chester G. Cummings executed a "nomination of beneficiary and request" prepared by the Company and attached to the policy which contained the provision that:

"I, Chester G. Cummings, the insured, under the aforesaid family income policy, do hereby nominate and request that the proceeds due thereunder be paid as follows:

If I decease before May 14, 1941, a monthly income of Fifty Dollars ($50) shall be paid to my wife, June B. Cum-

mings, if she survive me, until May 14, 1941."

In the above request of Chester G. Cummings there is no reference to a proof of claim and no suggestion that the Fifty Dollars ($50.00) monthly income shall begin on the date of the filing of the proof of claim. Standing alone, the words,

"if I decease before May 14, 1941, a monthly income of Fifty Dollars ($50) shall be paid to my wife, June B. Cummings * * * until May 14, 1941."

indicate that the "family income" provided by the policy shall begin at death. The purpose of the policy clearly is to provide a substitute to some extent to the income which had been produced by the deceased husband. That income ceases at death. The need for the "substitute family income" begins at death and if there is a delay for any reason or a postponement of the family income after the death, to that extent, the clear purpose of the policy is not fulfilled.

If, however, the plain, unambiguous terms of the policy provide that the income shall begin as of a certain date after death, then such terms of the policy should be carried out.

The defendant insurance company maintains not only that the first payment of monthly income was to be paid after the date of due proof of claim but also that such payment would include nothing by way of income from the date of death to the date of the filing of the proof of claims.

We have found that the first policy here considered clearly provides for the payment of $2000.00, the face of the policy, upon the filing of "due proof" of claim and not before. If the insurance company desired that not only the payment but also the calculation of the "family income" under the second policy should begin on the date of the filing of the proof of claim, the provision could have been made as clear as in the first policy and would be substantially as follows:

"State Mutual Life Assurance Company does insure the life of Chester G. Cummings and promises to pay, in the event of the death of the insured prior to May 14, 1941, Fifty Dollars ($50.00) upon the filing of due proof of claim and a like amount monthly thereafter until said date May 14, 1941."

Such a provision would have been reasonably clear. It would have approximated, allowing for necessary changes, the wording of the first policy which provided that the face of the policy should be payable "upon due proof of death."

The provision of the "family income" policy as to the payments to be made thereunder upon the death of the insured, is different. It is as follows:

"The State Mutual Life Assurance Company * * * does insure the life of Chester G. Cummings * * * and promises to pay * * * as follows: In the event of the death of the insured prior to May 14, 1941, a monthly income of Fifty Dollars ($50.00) to June B. Cummings, wife of the insured, herein called the beneficiary, upon due proof of the death of the insured, and a like amount thereafter until said date May 14, 1941, (which period of time is hereinafter designated as the income period) upon which date Five Thousand Dollars ($5,000.00) shall be paid in a single cash payment to the beneficiary."

We do not find in the above provision a clear-cut statement that in the event of the death of the insured the Company will pay Fifty Dollars ($50.00) upon due proof of death and a like amount monthly thereafter. On the contrary, the Company promised to pay, in the event the insured shall die prior to May 14, 1941,

"a monthly income of Fifty Dollars ($50.00) to June B. Cummings, wife of the insured * * * upon due proof of the death of the insured * * *."

The words, "upon due proof of death" are ambiguous. They may well be taken to mean that the monthly income provided by the policy is to begin with death but that no part of such income is to be paid until proof of death is filed; and the addition of the words, "and a like amount monthly thereafter" does not resolve the ambiguity. A reasonable construction of the words "a like amount" is that the subsequent payments shall be at the same rate of Fifty Dollars ($50.00) per month, but not that all future payments should be of the exact amount of the first check.

It will be conceded that the policies of insurance issued by the defendant are prepared with the greatest care by the most expert draftsmen that can be obtained by the insurance company. The draftsman of the "family income" policy, instead of providing that Fifty Dollars ($50.00) should be paid upon the filing of the proof of death and a like amount monthly thereafter, provided that the company "promises to pay * * * in the event of the death of the insured prior to May 14, 1941, a monthly income of Fifty Dollars ($50.00) to June B. Cummings, wife of the insured." This language is quite consistent with a construction that the installments begin with death altho no payment on the installments is to be made until the company is furnished with formal proof of the death of the insured.

It is no answer to say that it would have been possible to draft a different provision that would have stated more clearly and without any possible ambiguity, that the payment of the monthly installments would be figured from the date of the death. The insured was not consulted about the wording of the "family income" policy. He had no power to change its terms in any particular. Under the commonly accepted principles of law any ambiguity in such a case is to be resolved in favor of the beneficiary of the policy.

The plaintiff in the trial court offered another striking bit of evidence.

He offered in evidence advertising matter of the defendant company with regard to the "State Mutual Family Income Plan" which states:

"Guaranteed income to your family plus dividends from date of death, until ten years from the date of the policy, and then Five Thousand Dollars ($5,000.00), or the equivalent life pension, to the beneficiary."

Evidence was also offered to show that the policy referred to in these words is in the same terms in every particular as the policy now under consideration.

The Court rejected this evidence on the ground that no evidence was offered that this representation had been made to the insured. The question arises, however, was not this evidence properly admissible to show a construction had been placed upon this identical policy by the insurance company itself?

It would be a very strange condition if the beneficiary in some "family income" policies would receive income from the date of death of the insured where the attention of the insured to the representation of the Company that an income would be guaranteed to his family "from the date of death" had been called, while where such fact could not be shown the beneficiaries of other policies would receive no income from the date of death to the date of filing the proof of claim. Such a conclusion is repugnant to good sense and cannot be good law.

The defendant in this case, by circulating advertising matter to get new business, which states that beneficiaries under the "family income" policy are guaranteed an income "from the date of death" while in this case, under the identical policy it is contending for a wholly different construction, does not occupy a position that does it any credit. Verily, the defendant in this case believes in carrying out the Biblical injunction strictly,—"Let not thy left hand know what thy right hand doeth."

684

As stated, the trial court rejected this evidence. It is our opinion, however, that the trial court was justified in its conclusion even without giving any weight to the excluded evidence.

No interest should be charged in the case of the second policy on the installments which accumulated from December 21st, 1936, the date of death, to February 15, 1937, when the proof of death was filed. Although the installments began with death, nothing was payable under the policy until the proof of death was filed.

It is our opinion that six percent (6%) interest should be charged on the amount due on February 15, 1937, and on the monthly installments due thereafter from the date each installment became due. The failure of the beneficiary to surrender the policy to the Company in return for a supplementary contract as provided for in the policy, was due to the refusal of the Company to make a settlement by which the monthly income of Fifty Dollars ($50.00) would be calculated from the date of death. Therefore, such failure by the beneficiary to exchange the policy for the supplemental contract does not defeat her claim for interest on the unpaid installments.

It is our conclusion that the judgment of the court below should be modified as above stated, and except as so modified, the judgment is affirmed.

TERRELL, PJ., concurs.
LIEGHLEY, J., dissents.

LIEGHLEY, J. (Dissenting):
I dissent for the reason that in my opinion a careful and studious reading of each policy in its entirety, will result in the conclusion that neither is ambiguous. A legal claim arises under neither unless and until a proof of death or proof of claim in form prescribed by the policies is presented, and no obligation exists under either for any portion of the period extending from date of death to date of proof thereof. Any holding that there is liability retroactively from date of proof of death is without support from the clear language of the policies. Only meager support can be claimed therefor by first interpreting the language of the policies to be ambiguous by not giving to the language its usual, ordinary and commonly accepted meaning.

TERRELL, PJ. (Concurring):
I concur in part and dissent in part from the opinion of Morgan, J.

I dissent from the opinion as to the Two Thousand Dollar ($2000.00) policy.

Under "Option C" the fund from the Two Thousand Dollar ($2000.00) policy should bear interest from the date of death as was clearly contemplated in the insurance contract that this fund should "be left with the company and interest should be paid to the beneficiary". If the insurance company desired to make it definite as to the time the interest should begin, it should have so stated in the policy. Not having so stated, there is an ambiguity open for interpretation which should be most favorably interpreted in behalf of the beneficiary. This would require the payment of interest from the date of death.

I concur in the opinion of Morgan, J., as to the Five Thousand Dollar ($5,000) policy.